# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Nee Gee J. Cloud<br>(DOB XX-XX-1992)<br><br>*Defendant(s)* | )<br>)<br>) Case No. 24-m-678<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 20, 2024  in the county of  Menominee  in the
 Eastern  District of  Wisconsin , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 113(a)(1) & 1153(a) | Assault with Intent to Murder in Indian Country |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Michael R. Meyer, FBI SA
*Printed name and title*

Sworn via telephone; transmitted via email
pursuant to Fed. R. Crim. 4.1

Date: 9/24/2024

*Judge's signature*

City and state: Green Bay, Wisconsin

Honorable James R. Sickel, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Michael R. Meyer, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been as such since April 2006. Upon graduation from the FBI Academy in Quantico, Virginia, I was assigned to the Springfield Division, Fairview Heights Resident Agency. While at this duty station I was assigned to work cases involving violent crime and narcotics trafficking organizations. In November 2009, I was transferred to the Miami Division where I worked on matters involving Public Corruption and identity theft. Thereafter, from January 2013 until April 2016, I was assigned to the Minneapolis Division, Grand Forks Resident Agency, where I investigated Indian County crimes, to include death investigations and sexual assault of children. As a Special Agent of the Federal Bureau of Investigation, I am authorized to investigate violations of the criminal laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.
2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents/officers and witnesses who I believe to be reliable and truthful. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.
3. I am aware that certain crimes committed in Indian Country by Native American Indians, to include Assault with Intent to Murder, fall under Federal criminal jurisdiction through operation of Title 18, United States Code, Section 1153.
4. I am aware that Assault with Intent to Murder is a crime defined in Title 18, United States Code, Sections 113(a)(1) and 1153, and states that any Native American Indian who, within the exterior boundaries of the Menominee Indian Reservation, assaults another with the intent to commit murder, shall be punished by imprisonment for up to 20 years, a fine of up to $250,000, or both.
5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Nee Gee J. Cloud, DOB: XX-XX-1992, (hereinafter "Cloud"), an enrolled member of the Menominee Indian Tribe of Wisconsin, committed violations of Title 18, United States Code sections 113(a)(1) and 1153.

1

## BACKGROUND AND PROBABLE CAUSE

6. On 09/20/2024, the homeowner of a residence in Neopit, Wisconsin, a location within the exterior boundaries of the Menominee Indian Reservation ("MIR") noticed several notifications for their home security system. The homeowner was working at the time and called a person who lived nearby to check on the residence. As the notifications continued the homeowner viewed the camera's and witnessed Cloud violently assaulting O.W. Cloud and O.W. were in a relationship and had been staying with the homeowner.

7. The nearby ~~residence~~ resident MRM drove to the homeowner's location, attempted to contact Cloud by knocking on the door, and at 3:23pm, called 911 requesting police assistance.

8. At approximately 3:34pm, MIR police officers arrived and located Cloud outside the residence. Upon seeing the police, Cloud attempted to flee back into the residence and was subdued, with the assistance of a taser, in the door of the residence. Thereafter Cloud was taken into custody and booked into the MIR jail.

9. Upon entering the residence officers observed blood in the kitchen area and a O.W. laying unresponsive in a pool of blood in the bedroom. EMS was notified and O.W. was transported to a hospital in Wausau via helicopter.

10. Based on information provided by relatives of O.W. and medical staff, O.W. remains unresponsive and unconscious and breathes only with the assistance of a ventilator.

11. The homeowner was interviewed and showed investigators multiple video clips captured on a security surveillance system. This system had two motion activated cameras, one located on the exterior showing the approach to an exterior door and the other was placed on top a cabinet in the kitchen. Given the layout of the residence the interior camera provided an overview of the kitchen area with visibility of several interior doors. The videos are maintained on the cloud and accessible on the homeowner's cellular telephone. In the presence of and with the assistance of law enforcement, the homeowner e-mailed these clips to investigators. The videos cover the timeframe from approximately 3:05pm to 3:34pm. The initial videos show Cloud kicking the door open at 3:07pm and searching the for O.W. inside the residence. They also show O.W. hiding in a closet attempting to avoid Cloud. Thereafter:

    a. At 3:14pm, Cloud is seen exiting the bedroom walking toward the kitchen sink with blood on his hands. O.W. is visible and appears to be laying motionless face down in the bedroom. Cloud washes his hands and face, the returns to the bedroom where he stomps on O.W's upper torso and

head area. When Cloud walked into the bedroom he said stated, "…no one gives a fuck about you…" before and while stomping on O.W.
   b. At 3:18pm, Cloud walks from the bedroom to the kitchen area, opens the refrigerator and grabs something to drink which he puts on the table. He then walks back to the bedroom and opens the door. O.W. is visible laying motionless on the floor. The next video shows Cloud walking back to the kitchen where (at 3:19pm) he pours something to drink and then he walks to the bedroom and opens the door (at which time the video stops).
   c. At 3:21pm, Cloud walks from the bedroom to the sink with blood visible on his hands. Cloud washes his hands and shoes off then returns to the bedroom where he picks up O.W. by the hair and punches her with his other hand. O.W. appears to be motionless. Cloud continues to punch her in the head while O.W.'s head is on the floor.
   d. At 3:23pm, Cloud walks from the bedroom to the sink with blood visible on his lower chest and arms. Cloud washes his chest and arms in the sinks then walks back to the bedroom where O.W. is motionless on the floor. Cloud kicks O.W. in the midsection then grabs her head and slams it into the floor.
   e. At 3:25pm, Cloud walks from the bedroom to the sink, again with blood visible on his arms. He washes up again, then walks back to the bedroom where O.W. is motionless on the floor. During this time someone can be heard yelling from the outside for Cloud to open the door.
   f. At 3:26pm, Cloud closed the bedroom door.
   g. At 3:27pm, Cloud walks outside with blood visible on his arms. Cloud engages with several persons who have arrived at the residence with one asking if O.W. was alive, Cloud responded that she is alive.
   h. At 3:34pm, video shows Cloud running towards the entry door as MIR officers pursue. Officers deployed a taser on Cloud, restrained him, and took him into custody before he could enter the residence.
12. Cloud is currently being held in the Menominee Tribal Jail on charges related to this assault.
13. In summary, on September 20, 2024, Cloud violently and repeatedly attacked O.W. in a prolonged assault which occurred at 3530 S 1st Ave, Neopit, Wisconsin within the exterior boundaries of the MIR. This assault continued despite O.W. being obviously unresponsive and unconscious, and involved many strikes to O.W.'s head or hitting O.W.'s head against the floor.
14. I reviewed records of the Menominee Indian Tribe of Wisconsin, which indicate Nee Gee J. Cloud is an enrolled member of the tribe and therefore a Native American Indian.
15. Based on the foregoing, I submit that there is probable cause to issue a criminal complaint and arrest warrant for Nee Gee Cloud, charging him with

3

violation of Assault with Intent to Murder in violation of Title 18, United States Code, Sections 113(a)(1) and 1153.

Respectfully submitted,

*[signature]*
MICHAEL R. MEYER
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 24th day of September, 2024 in Green Bay, Wisconsin

*[signature and seal]*
HON. JAMES R. SICKEL
United States Magistrate Judge

4